IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA J. SUMMA, et al., | No. C 13-03097 JSW |
| Plaintiffs, | **ORDER GRANTING MOTION TO STAY AND VACATING HEARING ON MOTION TO REMAND PENDING RULING FROM MDL** |
| v. | |
| MCKESSON CORPORATION, et al., | |
| Defendants. | **(Docket Nos. 9, 10)** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation to MDL 1871 (E.D. Pa.), filed by Defendant Glaxosmithkline LLC ("GSK") (Docket No. 10), which was originally noticed for a hearing before Magistrate Judge Spero. The matter has been re-assigned to the undersigned. GSK has not yet re-noticed the motion to stay for a hearing on this Court's calendar. However, the motion is ripe for resolution.

The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court GRANTS GSK's motion to stay. In light of this ruling, the Court VACATES the hearing scheduled for November 8, 2013, on Plaintiffs' motion to remand (Docket No. 9), which the Court shall reschedule, if necessary.

//

//

## BACKGROUND

On or about October 16, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") established a multidistrict litigation regarding product liability cases involving the drug Avandia®, *In re Avandia Marketing, Sales Practices, and Products Libility Litigation*, MDL-1871 ("*In re Avandia*"). (Docket No. 10-2, Declaration of Steven J. Boranian ("Boranian Decl."), ¶¶ 2-3, Ex. A.)

On June 26, 2013, the Plaintiffs filed their Complaint against GSK and McKesson Corporation in the Superior Court of the State of California for the County of San Francisco ("San Francisco Superior Court"), and asserted a number of state law claims based on injuries they allegedly suffered as a result of using Avandia®. (*See generally* Notice of Removal, Ex. A (Complaint).) This case is one of many cases filed in San Francisco Superior Court by Plaintiffs' counsel. (*Id.*, Ex. D.)[1]

On July 3, 2013, GSK removed this action - and many, if not all, of the thirty-seven other cases filed by Plaintiffs' counsel - to this Court. GSK asserts that, because McKesson has been fraudulently joined, the Court has diversity jurisdiction. (Notice of Removal ¶ 17.) GSK also contends that this case qualifies as a "mass action" under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. Section 1332(d)(11). (*Id.* ¶ 5.) At the time of removal, GSK had not been served with the Complaint. (*Id.* ¶ 6.)

On July 6, 2013, GSK notified the JPML that this action was pending, and it seeks to stay this case pending transfer to *In re Avandia*. (Boranian Decl., ¶ 5.) Plaintiffs have opposed GSK's transfer motion before the JPML, oppose a stay in this case, and have filed a separate motion to remand this case to San Francisco Superior Court.

## ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of

---

[1] The undersigned has at least seven of these cases pending on its docket.

this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Accordingly, it is within this Court's discretion to determine whether a stay is warranted. The competing interests that a district court must weigh in deciding whether to grant a stay include: (1) "possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55).

In the context of a motion to stay pending a motion to consolidate cases before the JPML, district courts should consider the following factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

"Generally, jurisdiction is a preliminary matter that should be resolved before all others." *Leeson v. Merck & Co., Inc.*, 2006 WL 3230047, *2 (E.D. Cal. Jan. 27, 2006); *see also Villarreal v. Chrysler Corp.,*, 1996 WL 116832, at *1 (N.D. Cal. Mar.12, 1996) ("Judicial economy will best be served by addressing the remand issue [before a party's motion to stay] because a determination on this issue will facilitate litigation in the appropriate forum."). Some courts, however, have held that "the calculus changes somewhat when deference to a MDL court will further 'the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Leeson*, 2006 WL 3230047, *2 (quoting *Conroy v. Fresh Del Monte Produce Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D. Cal.2004)).

Plaintiffs' motion to remand raises issues that are similar to issues raised in motions to remand in the cases that are assigned to the undersigned Judge as well the cases assigned to other judges in this District. Further, the presiding judge in *In re Avandia* has addressed many of these same issues, including fraudulent joinder, fraudulent misjoinder of plaintiffs, the forum defendant rule, and questions relating to removal by defendants who have not yet been served. *See, e.g., In re Avandia*, 624 F. Supp. 2d 396, 418-20 (E.D. Pa. 2009). Therefore, a stay will promote judicial economy, uniformity and consistency in decision making. Further a short stay

will not prejudice Plaintiffs, because they can renew their motion to remand in MDL 1871. If the case is not transferred, this Court will resolve the motion to remand expeditiously. Finally, a brief stay will avoid duplicative litigation. Indeed, several other judges within this District have granted motions to stay in *Avandia* cases filed by Plaintiffs' counsel, and in at least one of those cases, the plaintiffs had filed a motion to remand. (*See* Boranian Decl., Ex. C; Docket No. 18-1, Declaration of Steven J. Boranian in Support of GSK Reply, Ex. A.)

Accordingly, the Court GRANTS the motion to stay pending a ruling by JPML on whether this case will be transferred to *In re Avandia*, MDL 1871. The parties shall file a joint notice with the Court within seven (7) days of any such ruling.

**IT IS SO ORDERED.**

Dated: July 30, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE